IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| LARRY D. MARVEL, | § |
| | § No. 122, 2016 |
| Plaintiff Below- | § |
| Appellant, | § |
| | § |
| v. | § Court Below—Court of Chancery |
| | § of the State of Delaware |
| NEW CASTLE COUNTY | § |
| SUPERIOR COURT, *et al.*, | § C.A. No. 10685 |
| | § |
| Defendants Below- | § |
| Appellees. | § |

Submitted: April 29, 2016
Decided: June 21, 2016

Before **VALIHURA**, **VAUGHN**, and **SEITZ**, Justices

## ORDER

This 21st day of June 2016, it appears to the Court that:

(1)     The appellant, Larry Marvel, filed this appeal from an order of the Court of Chancery, dated February 15, 2016, adopting the Master's recommendation that Marvel's complaint be dismissed as legally frivolous. After Marvel filed his opening brief in this appeal on April 14, 2016, the Clerk of the Court issued a notice to Marvel to show cause why his appeal should not be dismissed as legally frivolous. Marvel filed his response on April 29, 2016.

(2) After careful consideration of Marvel's opening brief on appeal and his response to the rule to show cause, it is clear that the judgment of the Court of Chancery holding that Marvel's complaint was legally frivolous is correct and should be affirmed, *sua sponte*, under Supreme Court Rule 25(c). Marvel's complaint alleged violations of his constitutional rights by this Court, by the Superior Court, and by specific judicial officers. Marvel's complaint sought an injunction and a declaratory judgment from the Court of Chancery that the Superior Court and this Court erred in rulings that were made in the context of Marvel's criminal proceedings in Criminal ID Number 0510007925.

(3) As the Court of Chancery noted, Marvel was convicted in May 2006 of Criminal Solicitation and Conspiracy in the Second Degree. His convictions were affirmed on direct appeal, and he has since filed four unsuccessful motions for postconviction relief under Superior Court Criminal Rule 61.

(4) The Court of Chancery has no jurisdiction to review rulings made by the Superior Court or this Court.[1] The exclusive remedy for the relief sought by Marvel, namely the overturn of his convictions, is in the

---

[1] *See* Del. Const. art. IV, § 10; 10 *Del. C.* §§ 341-42 (2013).

2

Superior Court under Rule 61.[2] That Marvel's previous postconviction motions were found to be without merit or procedurally barred by the Superior Court and this Court does not mean that Marvel has the right to seek relief in the Court of Chancery.

NOW, THEREFORE, IT IS ORDERED that the Court of Chancery's judgment dismissing Marvel's complaint as legally frivolous is AFFIRMED.

BY THE COURT:

_____
Justice

---

[2] *See* Super. Ct. Crim. R. 61(a)(2) (2016).

3